```
            UNITED STATES DISTRICT COURT
             SOUTHERN DISTRICT OF OHIO
                  WESTERN DIVISION
```

RICARDO WILLIAMS,                :
                                 : No. 1:06-CV-00290
     Petitioner,                 : No. 1:04-CR-00102(1)
                                 :
                                 :
  v.                             : **OPINION AND ORDER**
                                 :
                                 :
UNITED STATES OF AMERICA,        :
                                 :
     Respondent.                 :
                                 :

This matter is before the Court on Petitioner's Motion to Vacate, Set Aside, or Correct His Sentence (docs. 1, 75), and the United States' Response in Opposition (doc. 79). Although Petitioner requested and received a continuance so as to file a Reply (docs. 80, 81), Petitioner made no such filing. Accordingly this matter is ripe for the Court's consideration. For the reasons indicated herein, the Court DENIES Petitioner's Motion and DISMISSES this case from the Court's docket.

A federal grand jury indicted Petitioner on August 10, 2004, charging him in Count One with conspiracy to possess with intent to distribute cocaine in excess of five kilograms of cocaine, and in Count Two with possession with intent to distribute in excess of five kilograms of cocaine (doc. 79). Petitioner entered a plea of guilty to Count One on January 18, 2005 (<u>Id</u>.). Count Two was dismissed as part of the plea agreement (doc. 75). On May 18, 2005, the Court sentenced him to thirty-six months in

prison (Id.).

Petitioner now moves the Court to vacate his sentence, arguing that 1) there was not a factual basis for his conviction, and he should be permitted to withdraw his plea, 2) he should be allowed to void his plea agreement because his attorney was ineffective concerning the drug amount pled to by Petitioner, and 3) Petitioner's attorney tricked him into pleading guilty based on a false promise to a lesser sentence (Id.). Petitioner argues that although he introduced his co-Defendants so as to help transact a sale of a few ounces of cocaine, he had no idea that the transaction involved five kilograms (Id.). Petitioner argues that he told his counsel that he had no idea about the five-kilogram deal, and his counsel told him not to worry about the drug amount in the plea agreement (Id.). Petitioner and his family members, by affidavit, contend that his counsel misadvised Petitioner that he would "get probation or no more than [eight or] nine to eighteen months" (Id.).  He therefore requests that the Court allow him to withdraw his guilty plea to Count One, allow him to proceed to trial, or to renew his guilty plea to a lesser amount of cocaine (Id.).

The government responds that each of Petitioner's grounds for relief essentially pertain to the voluntariness of his plea, because Petitioner argues he did not enter his plea voluntarily due to the alleged incompetence and deception of his attorney (doc.

2

79). In this case, argues the government, the Court properly conducted a Rule 11 hearing, explained all of Petitioner's rights, Petitioner stated under oath he understood all of his rights, and therefore he was fully informed of the nature and consequences of his plea (Id.). Petitioner informed the Court that he was voluntarily entering his plea (Id.). Petitioner responded in the negative when asked whether any promises had been made or whether he was forced to enter his plea (Id.). The government, relying on United States v. Todaro, 982 F.2d 1025 (6th Cir. 1993), and Baker v. United States, 781 F.2d 85, 90 (6th Cir. 1986), argues that where a Petitioner represents in open court that his plea is voluntary, and where the court follows procedure to ensure that is the case, a Petitioner may not ordinarily repudiate his statements to the Judge (Id.).

The government next addressed the merits of each of Petitioner's grounds for relief (Id.). The government argues there is no merit to Petitioner's argument that there is no factual basis for conviction of conspiracy (Id.). At his change of plea hearing, Petitioner did not challenge the statement of facts that showed Petitioner found a place to have cocaine shipped to Cincinnati, he solicited Ashley Morgan to receive two separate packages of cocaine, he contacted Morgan to secure the shipments and confirm the deliveries, he told Morgan where to place the packages for pickup, and he told co-Defendants Broadnax and Martinez when the

cocaine was ready for pickup (Id.).  The government argues, citing United States v. Price, 258 F.3d 539 (6th Cir. 2001), that even a single transaction can be sufficient to demonstrate a conspiracy, and the facts here more than establish Petitioner's interaction with other conspirators (Id.).

The government further argues that Petitioner's second ground for relief is completely without merit (Id.).  The government contends that Petitioner admitted under oath that he was involved in the distribution of in excess of five kilograms of cocaine, and he signed a plea agreement indicating the same (Id.). He stated to the Court he was pleading guilty to the offense charged in the Indictment because he was in fact guilty (Id.).  The government argues that Petitioner's assertions in ground two fly in the face of his judicial admissions made under oath, and the statement he provided to the Probation Department outlining his involvement (Id.).

As for Petitioner's third ground for relief, that his counsel allegedly tricked him into pleading guilty with a promise of an eight to eighteen month sentence, the government argues such assertion also contradicts the statements Petitioner made before the Court and under oath (Id.).  At his change of plea hearing, the government contends, the Court advised him that it had to impose at least the mandatory minimum sentence, and asked him whether he had received any promises from anybody that he would receive a lighter

4

sentence for pleading guilty (Id.). Petitioner responded that he had not received any such promise (Id.).

In conclusion, the government argues that the Court scrupulously followed Rule 11 change of plea procedure, and Petitioner is bound by his statements in response to the Court's inquiry (Id.). Petitioner's contradictory assertions made in his present motion, argues the government, should be viewed as lacking credulity (Id.).

Having reviewed this matter, the Court finds the government's position well-taken that Petitioner is bound by his sworn responses before the Court made at his hearing on his change of plea. United States v. Todaro, 982 F.2d 1025 (6th Cir. 1993). The facts, which Petitioner agreed were true, sufficiently establish his involvement with a conspiracy to distribute cocaine, as alleged in the indictment. United States v. Price, 258 F.3d 539 (6th Cir. 2001). Petitioner responded to the Court that he had received no promises, from any one, that he would receive a lighter sentence for entering a plea of guilty to Count One. The Court does not find credible his present assertion that he received such a promise from his Counsel. For all of these reasons, the Court finds the government's position well-taken in all respects.

Accordingly, the Court DENIES Petitioner's Motion to Vacate, Set Aside, or Correct His Sentence (docs. 1, 75), and DISMISSES this case from the Court's docket. The Court further

5

DECLINES to issue a certificate of appealability because a jurist of reason would not find it debatable whether this Court is correct in its procedural ruling.  Slack v. McDaniel, 529 U.S. 473, 484-85 (2000).  Finally, pursuant to 28 U.S.C. § 1915(a)(3), this Court CERTIFIES that any appeal of this Order will not be taken in good faith, and any application to appeal in forma pauperis will be denied.

       SO ORDERED.

Dated: February 6, 2007       s/S. Arthur Spiegel
                                      S. Arthur Spiegel
                                      United States Senior District Judge